IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE BRADLEY SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-02786-JPM-tmp |
| | ) |
| TONY PARKER, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ORDER DIRECTING CLERK TO CHANGE RESPONDENT; ORDER TRANSFERRING
MOTION TO EXCUSE DELAY AND MOTION TO ALTER OR AMEND; AND ORDER
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court Petitioner Terrance Bradley Smith's <u>pro se</u>
Motion to Excuse Delay, filed December 14, 2015. (ECF No. 55.)
Petitioner asserts that he first filed this Motion in May 2012,
but that "the Court Clerks office informed the petitioner that
his motion had never been received." (<u>Id.</u> ¶¶ 1, 3.) Petitioner
moves the Court to excuse his delay and permit him to file a
motion to alter or amend pursuant to Rule 59(e) of the Federal
Rules of Civil Procedure based on <u>Martinez v. Ryan</u>, 132 S. Ct.
1309 (2012). (ECF No. 55-1 at 1, 7.)

Also before the Court is Petitioner's Motion for
Appointment of Counsel, filed December 14, 2015. (ECF No. 56.)

For the following reasons, Petitioner's Motion to Excuse
Delay and attached Motion to Alter or Amend are TRANSFERRED to

the Sixth Circuit. Petitioner's Motion for Appointment of Counsel is DENIED AS MOOT.

## I.    BACKGROUND

On November 16, 2006, Petitioner Terrance B. Smith, Tennessee Department of Correction prisoner number 299127,[1] filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) In his federal habeas petition, Smith raised the following issues: (1) whether there was sufficient evidence of premeditation to support his conviction for first degree murder; and (2) whether Petitioner was denied his right to effective assistance of counsel, in violation of the Sixth Amendment. (Id. at 3-20.) Respondent answered the petition on March 23, 2007 (ECF No. 14) and filed the state-court record on April 20, 2007 (ECF Nos. 17, 18). On June 12, 2007, Petitioner filed a reply in support of the petition. (ECF No. 27.)

The Court issued an order on March 23, 2010, denying this petition pursuant to 28 U.S.C. § 2254, denying a certificate of appealability, certifying that an appeal would not be taken in good faith, and denying leave to proceed in forma pauperis on

---

[1] Petitioner is currently incarcerated at the Morgan County Correctional Complex ("MCCX") where Shawn Phillips is the warden. See Tennessee Felony Offender Information Lookup, https://apps.tn.gov/foil-app/search.jsp (last visited April 5, 2016); see Tennessee Department of Correction, http://tn.gov/correction/article/tdoc-morgan-county-correctional-complex (last visited April 5, 2016). The Clerk is DIRECTED to record the respondent as MCCX Warden Shawn Phillips. The Clerk shall terminate all references to Tony Parker as the respondent.

appeal. (ECF No. 29.) Judgment was entered on March 23, 2010. (ECF No. 30.)

On July 30, 2010, Petitioner filed a Notice of Appeal. (ECF No. 35.) The Court conducted an evidentiary hearing on March 4, 2011, regarding the timeliness of Petitioner's Notice of Appeal. (Min. Entry, ECF No. 49.) In an order entered March 8, 2011, the Court found that Petitioner's Notice of Appeal was timely. (ECF No. 51 at 7.) The United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability and denied as moot Petitioner's motion to proceed in forma pauperis on February 1, 2012. Smith v. Parker, No. 10-5930 (6th Cir. Feb. 1, 2012). On October 1, 2012, the Supreme Court denied Petitioner's petition for writ of certiorari. Smith v. Parker, 133 S. Ct. 185 (2012).

On December 14, 2015, Petitioner filed the instant motions. (ECF Nos. 55, 56.) Petitioner requests that the Court excuse his delay and permit him to file a Rule 59(e) motion to add two claims pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012): (1) whether counsel was ineffective for failing to raise a Miranda challenge; and (2) whether counsel for failing to object to the added element of "deliberation" in the jury instructions. (ECF No. 55; ECF No. 55-1 at 9-11.) Petitioner also moves the Court to appoint counsel. (ECF No. 56.)

## II. LEGAL STANDARD AND ANALYSIS

Rule 59(e) of the Federal Rules of Civil Procedure allows district courts to alter, amend, or vacate a prior judgment within twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e); Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). A Rule 59(e) motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has repeatedly held that

> Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case."

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted). A district court has considerable discretion in deciding whether to grant a Rule 59 motion. Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010).

The Sixth Circuit has held that, in a habeas case, "[b]ecause a Rule 59(e) motion only 'operates to suspend the finality of the [district] court's judgment,' it is not a collateral action." Howard, 533 F.3d at 475 (second alteration

4

in original) (citation omitted). This assumes, however, that the Rule 59(e) motion is timely filed. See id. Defendants cannot "use post-judgment motions to subvert statutory limits on filing multiple motions for habeas relief." Id.

Petitioner asserts that "a Rule 59(e) motion is the appropriate vehicle for this [C]ourt to consider application of" Martinez v. Ryan, 132 S. Ct. 1309 (2012). (ECF No. 55-1 at 7.) Petitioner, however, did not file his motion within the twenty-eight day window provided by Rule 59(e). Judgment was entered on March 23, 2010. (See ECF No. 30.) Even assuming that Petitioner did mail the instant motion in May 2012, as he alleges, his motion was still two years overdue.[2] Moreover, Petitioner seeks to raise two new claims in the instant motion; he does not request reconsideration of claims already raised.

Thus, although Petitioner labels his motion as a "Motion to Alter or Amend" pursuant to Rule 59(e), it is not a Rule 59(e) motion. Rather, Petitioner's motion is properly characterized as a second or successive habeas petition.

Pursuant to 28 U.S.C. § 2244(b)(3), a state prisoner seeking to file a second or successive request for a writ of habeas corpus must first obtain permission from the United States Court of Appeals for the Sixth Circuit. See also In re

---

[2] The Court also notes that Petitioner's petition for writ of certiorari was denied after the Supreme Court issued its opinion in Martinez v. Ryan, 132 S. Ct. 1309 (2012).

<u>Marsch</u>, 209 F. App'x 481, 481-82 (6th Cir. 2006). The Sixth Circuit has instructed that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); <u>see also</u> <u>In re Smith</u>, 690 F.3d 809, 809-10 (6th Cir. 2012).

Smith's latest motion cannot be filed in this district without permission from the Court of Appeals. Accordingly, under <u>Sims</u>, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer Petitioner's Motion to Excuse Delay and attached Motion to Alter or Amend to the United States Court of Appeals for the Sixth Circuit. As a result of the transfer, Petitioner's Motion for Appointment of Counsel is DENIED AS MOOT.[3]

**IT IS SO ORDERED,** this 5th day of May, 2016.


/s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[3] In the event that the Sixth Circuit grants Smith permission to file a second or successive petition, Smith may refile his motion for appointment of counsel.